UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD DOUGLAS RIDDLE,        ) | |
|        Petitioner,        ) | |
|                           ) | No. 1:15-cv-623 |
| -v-                             ) | |
|                           ) | HONORABLE PAUL L. MALONEY |
| THOMAS MACKIE,                  ) | |
|        Respondent.        ) | |
| _____) | |

**ORDER REJECTING REPORT AND RECOMMENDATION**

Richard Riddle, a prisoner under the control of the Michigan Department of Corrections, filed a habeas corpus action under 28 U.S.C. § 2254. The Magistrate Judge reviewed Riddle's petition and issued a report recommending it be dismissed as time barred. (ECF No. 6.) Riddle filed objections. (ECF No. 7.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Magistrate Judge raised, sua sponte, the statute of limitations issue. The Magistrate Judge found that Riddle's conviction became final on December 4, 2012, a conclusion Riddle does not contest. The Magistrate Judge found that Riddle did not file his 6.500 motion for relief with the Kalamazoo County Circuit Court until December 5, 2013. Riddle objects to this conclusion. Riddle

maintains he gave his 6.500 motion to prison officials on December 2. As an exhibit to support his claim, Riddle attaches what he insists is the proof of service for his 6.500 motion. (ECF No. 7-1 Page ID 46.) Under binding precedent in this circuit, a pro se prisoner's document is deemed filed when it is handed to prison authorities for mailing. *See Cook v. Stegal*, 295 F.3d 517, 521 (6th Cir. 2002). Section 2244(d)(2) indicates that the one-year limitation on filing a § 2254 petition is tolled during the pendency of a properly filed application for State post-conviction relief. *Duncan v. Walker*, 533 U.S. 167, 176 (2001).

Based on the documentary evidence provided by Riddle, his 6.500 motion was filed before the one-year limitation for filing a § 2254 motion expired. The one-year limitation period is tolled while the 6.500 motion is pending. Riddle filed his § 2254 petition with this Court before the Michigan Supreme Court decided whether to accept his request for leave to appeal.

Riddle has established a factual error in the Report and Recommendation. The Magistrate Judge relied on the date of the 6.500 motion identified in Riddle's § 2254 petition. Riddle has established that he filed the 6.500 motion several days earlier, when he handed the document to prison authorities. To be clear, the only issue decided in this Order is that Riddle's 6.500 motion was handed to prison authorities before the one-year statute of limitation for a § 2254 expired. On this basis alone, and without considering any other facts, the one-year limitation period was tolled and Riddle's § 2254 petition was timely.

Therefore, the Report and Recommendation is **REJECTED.**

**IT IS SO ORDERED.**

Date:  August 4, 2015   /s/ Paul L. Maloney
                        Paul L. Maloney
                        United States District Judge